STATE OF NORTH CAROLINA v. JERRY PARKER

No. 734SC586

(Filed 12 December 1973)

1. **Evidence § 28; Criminal Law § 80— certified copy of automobile registration — admission in criminal case**

    A copy of an automobile registration certificate signed by the Director of the Registration Division of the Department of Motor Vehicles and certified under the seal of the Department of Motor Vehicles was properly admitted in a housebreaking and larceny trial. G.S. 20-42(b); G.S. 8-35.

2. **Burglary and Unlawful Breakings § 5; Larceny § 7— housebreaking and larceny — sufficiency of evidence**

    The State's evidence was sufficient for the jury on the issue of defendant's guilt of breaking and entering and larceny where it tended to show that a witness followed a car driven by defendant from a mobile home whose owner was out of the State, that the witness observed a guitar, gun and other items on the back seat of the car, that it was thereafter discovered that the mobile home had been broken into and that various items, including guns and a guitar, had been stolen therefrom, and that fingerprints of the owner of the car driven by defendant were found on a jewelry box in the mobile home.

APPEAL by defendant from *Braswell, Judge,* 21 March 1973 Criminal Session ONSLOW Superior Court.

Defendant was charged in a bill of indictment with the felonies of housebreaking and larceny. He entered a plea of not guilty, was found guilty on both charges, and from judgment imposing a prison term of seven years with a recommendation for work release, he appeals.

*Attorney General Robert Morgan by Rafford E. Jones, Assistant Attorney General, for the State.*

*Ellis, Hooper, Warlick, Waters & Morgan by John D. Warlick, Jr., for the defendant.*

BRITT, Judge.

[1]  Defendant first assigns as error the admission into evidence of a copy of a registration certificate signed by J. H. Stamey, Director, Registration Division, Department of Motor Vehicles, State of North Carolina, and certified under the seal of the Department of Motor Vehicles. G.S. 20-42 (b), after stating the charge for a copy of any record of the Department of Motor Vehicles, provides, " . . . and every such certified copy shall be admissible in any proceeding in any court in like manner as the original thereof, without further certification." G.S. 8-35 provides that copies of the records of any public office of the State shall be received in evidence when certified under the seal of the office by the chief officer or agent in charge of the public office.

Clearly the cited statutes provide for the admission of the properly certified copy in this instance. G.S. 8-37, which specifically provides for the admission of such a copy in civil actions, does not foreclose its admission in a criminal action. G.S. 8-37 has as its purpose the creation of a method of proving ownership of vehicles involved in the infliction of injury or other damage. The introduction of the copy in this case served only to show that someone named Charles Velton Hall received a specific license number. What inferences the jury may make from this fact, when considered with other circumstances of the case, is clearly for the jury to decide. See *State v. Lewis,* 7 N.C. App. 178, 171 S.E. 2d 793 (1970). The assignment of error is overruled.

[2]  Defendant assigns as error the failure of the court to grant his motion for judgment as of nonsuit interposed at the close of the evidence. Viewing the evidence in the light most favorable to the State, it tends to show:

On 15 June 1971, as Abraham Hewitt (Hewitt) approached his home in the Ten Mile Section of Onslow County near the Duplin-Onslow county line, he saw a car pulling out of the driveway of Lowell Sly (Sly), his brother-in-law. Hewitt knew that

Sly was out of the State at the time. Hewitt followed the car for a short period of time until it turned into a dirt road and then into a driveway. Hewitt drove in behind the car, got out of his truck, walked up to the other vehicle, and started to talk to the driver of the vehicle, who was the defendant. While standing beside the vehicle, Hewitt noted some items on the back seat, among them being a gun and a guitar. There was also a passenger in the car but Hewitt could not see him well enough to identify him. Hewitt was able to identify the car as a 1961 or 1962 model green and white Ford bearing N. C. 1971 license number EF 309.

After Hewitt asked defendant what he had been doing at Sly's, defendant put the car in reverse, drove around Hewitt's truck, and headed toward the county line with Hewitt following him. Just before defendant reached the line, it appeared to Hewitt and Roe Lee Swinson, who was in the truck with Hewitt, that the passenger with defendant pulled a gun and pointed it at the back glass of the car. Hewitt then dropped back until he saw the other car go toward Pin Hook on a dirt road, at which time he stopped at a store and called the Duplin County Sheriff's office, telling a person there the license number of the car and the direction it was heading.

Duplin County Deputy Sheriff Thigpen came to the store and accompanied Hewitt to Sly's trailer home where they found the front door pulled loose and the inside in disorder. Hewitt then called the Onslow County Sheriff's Department and Naman Cannon came to the trailer home. Hewitt advised him of the events and Thigpen took fingerprints, including prints from a jewelry box. An S.B.I. examination of the prints from the jewelry box revealed that they belonged to Charles Velton Hall. A copy of the records of the Department of Motor Vehicles showed that N. C. 1971 license number EF 309 had been issued to Charles Velton Hall.

Three or four days after the occurrence, Sly returned from Iowa. A check of the premises by Sly revealed that a Black and Decker Skill saw, a jig saw, a twenty gauge shotgun, a case for a twenty-two rifle, a twenty-two rifle, sixty assorted stereo records, a Spanish lesson consisting of records and books, an electric guitar, a jewelry box, an Elgin watch, and an ivory flowered necklace, with a total value of $588, were missing.

We hold that the evidence was sufficient to withstand the motion for nonsuit. Careful consideration of defendant's other

assignments of error leads us to conclude that they too are without merit.

No error.

Chief Judge BROCK and Judge CAMPBELL concur.